NOT RECOMMENDED FOR PUBLICATION
File Name: 26a0291n.06

Case No. 25-6142

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Jul 07, 2026
KELLY L. STEPHENS, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT |
| v. | ) ) | COURT FOR THE WESTERN DISTRICT OF KENTUCKY |
| ARTEMIO RUIZ-MEDINA, | ) ) | |
| Defendant-Appellant. | ) ) | OPINION |
| | ) ) | |

Before: GILMAN, GRIFFIN, and READLER, Circuit Judges.

**RONALD LEE GILMAN, Circuit Judge.** Artemio Ruiz-Medina violated the conditions of his supervised release when he reentered the United States without permission sometime before April 17, 2025. The district court accordingly revoked Ruiz-Medina's supervised release and sentenced him to eight months in prison.

On appeal, Ruiz-Medina challenges only his sentence. He argues that his sentence is unreasonable because the district court based it on improper considerations. For the reasons set forth below, we **AFFIRM** the judgment of the district court.

## I. BACKGROUND

In January 2023, Ruiz-Medina pleaded guilty to the offense of having unlawfully reentered the United States after having been deported or removed. He was sentenced to a year and a day in prison, to be followed by three years of supervised release.

Ruiz-Medina's term of supervised release began on July 21, 2023, and he was deported to Mexico the following week. His right to remain on supervised release required that he "not commit another federal, state or local crime" and that he not "re-enter the United States without written permission of the Secretary of Homeland Security."

Sometime before April 17, 2025, Ruiz-Medina returned to the United States. On that date, he was charged with the offense of having unlawfully reentered the United States after having been deported or removed.

The Probation Office petitioned to revoke Ruiz-Medina's supervised release because he had violated its terms. At a hearing, Ruiz-Medina stipulated to the violation. The district court then expressed its intention to sentence Ruiz-Medina to eight months in prison for violating the conditions of his supervised release.

In explaining its decision, the district court noted that it had imposed a term of supervised release in 2023 "to motivate Mr. Ruiz-Medina not to return to the country," but it "didn't work at all." The court further commented that "the objective in this case is not to punish him for coming back, but it is to address his failure to abide by the conditions." Moreover, the court stated that "after having been found guilty of illegal reentry in this court," Ruiz-Medina had "turn[ed] around and c[a]me right back into the country in blatant disregard for what [he had] been ordered to do." The court concluded that "in this instance, promoting respect for that term of supervision requires an additional term of incarceration."

Defense counsel objected on the ground that the district court was imposing the eight-month sentence to promote respect for the law, an objection that was based primarily on *Esteras v. United States*, 606 U.S. 185 (2025). The district court replied:

> Well, if I misspoke, then I apologize for that. The law that it's intending to motivate him to respect is the judgment of this Court and the conditions that were imposed

in the prior case. He ignored those conditions and immediately returned to the United States upon his removal from the country. And I think that kind of conduct has to be . . . dissuaded. So that's the purpose of the sentence.

The district court later entered its order revoking Ruiz-Medina's supervised release and imposed a sentence of eight months in prison. This timely appeal followed.

## II.     ANALYSIS

Ruiz-Medina's sole argument on appeal is that his sentence is unreasonable because the district court based the sentence on considerations that are improper under *Esteras*, 606 U.S. at 185. We review the reasonableness of sentences under the abuse-of-discretion standard. *United States v. Bolds*, 511 F.3d 568, 575 (6th Cir. 2007).

Although Ruiz-Medina purports to challenge both the procedural and substantive reasonableness of his sentence, his argument is grounded in procedural reasonableness. *See United States v. Rayyan*, 885 F.3d 436, 440 (6th Cir. 2018) (noting that for a sentence to be procedurally reasonable, district courts must "refrain from considering impermissible factors").

In *Esteras*, 606 U.S. at 185, the Supreme Court held that, when sentencing a defendant because he had violated the conditions of his supervised release, a district court may consider the nature and circumstances of the defendant's underlying offense only for certain purposes. Specifically, a district court cannot consider "the need for the sentence imposed to 'reflect the seriousness of the [underlying] offense, to promote respect for the law, and to provide just punishment for the offense,' *i.e.*, the retributive purposes of sentencing." *Id.* at 192 (quoting 18 U.S.C. § 3553(a)(2)(A)).

According to Ruiz-Medina, the district court ran afoul of *Esteras* when it noted that his sentence was intended to "promote respect for the condition[s] of supervised release"—namely, the conditions that he not return to the country without permission or violate local, state, and

federal law. This, according to Ruiz-Medina, was tantamount to promoting respect for the law that his underlying offense had violated because his underlying offense was illegal reentry. He further argues that the court's remarks that its purpose was "to motivate Mr. Ruiz-Medina not to return to the country" referred to his underlying conviction, and expressed an intent to punish him for that conduct.

We are unpersuaded. To begin with, the Supreme Court in *Esteras* specifically declined to decide whether a district court can consider "retribution *for the violation of the conditions of the supervised release*." *Esteras*, 606 U.S. at 194 n.5 (emphasis in original). The Court held, rather, that a district court may not take into account retribution for the defendant's underlying offense. *Id.* at 192. To the extent that the district court here intended to "promote respect for the condition[s] of supervised release" and invoked retributive considerations solely as they relate to those conditions, its actions did not run afoul of *Esteras*.

This court has held, moreover, that "district courts may . . . sanction [defendants] for the breach of trust associated with a supervised-release violation." *United States v. Morris*, 71 F.4th 475, 482 (6th Cir. 2023). The record shows that the district court here considered Ruiz-Medina's conduct to be a breach of that trust. It noted that Ruiz-Medina had "turn[ed] around and c[a]me right back into the country in blatant disregard for what [he had] been ordered to do." *See United States v. Stevenson*, No. 25-1502, 2026 WL 1498284, at *4 (6th Cir. May 28, 2026) (finding that "the district court considered [the defendant's] violation conduct as a breach of trust" because it noted the defendant's "unwillingness to abide by the fundamental basics of supervision"). The court's consideration of how it might "promote respect for the condition[s] of supervised release" was therefore a proper one.

Furthermore, simply because Ruiz-Medina's underlying offense involved the same type of conduct as his violation of the conditions of his supervised release does not establish that the district court improperly considered his underlying offense. The court made clear that it was seeking to "dissuade[]" Ruiz-Medina from again "ignor[ing]" the conditions of supervised release and "immediately return[ing] to the United States," as he had previously done. To the extent that the court invoked his underlying offense, it was "plainly . . . to show that greater deterrence was needed to sanction repeated offenses of similar severity—not to punish for the original offense once more." *See United States v. Spence*, 167 F.4th 882, 892–93 (6th Cir. 2026).

### III.    CONCLUSION

For all of the reasons set forth above, we **AFFIRM** the judgment of the district court.